THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARCHIE T. EDWARDS and
PATRICIA L. EDWARDS,

        Plaintiffs,

   v.

CALIBER HOME LOANS, *et al.*,

        Defendants.

CASE NO. C16-1466-JCC

ORDER

This matter comes before the Court on Defendants'[1] second motion to dismiss for failure to state a claim upon which relief may be granted (Dkt. No. 32) and motion to take judicial notice (Dkt. No. 33). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

I. **BACKGROUND**

This case arises out of a dispute regarding a residential mortgage loan obtained by Plaintiffs in 2007. (Dkt. No. 17 at 1–2.) Following the default on their loan, and with a non-

---

[1] Caliber Home Loans (Caliber), U.S. Bank Trust, N.A. (U.S. Bank), and Mortgage Electronic Registration Systems, Inc. (MERS), are the Defendants referred to in this Order. Defendant Northwest Trustee Services, Inc. was voluntarily dismissed by Plaintiffs. (Dkt. No. 19.) Trustee Corps is the only remaining Defendant, and is not a party to this motion.

judicial foreclosure pending, Plaintiffs initiated this suit to prevent Defendants from foreclosing on the property. In June 2007, Plaintiffs borrowed $312,800.00 from Quicken Loans, Inc. (Quicken). (Dkt. No. 18-1 at 2–16.) The loan was secured by a deed of trust against Plaintiffs' primary residence, with Quicken as the lender and MERS as the beneficiary. (*Id.*) On July 21, 2011 the deed of trust was assigned from MERS to OneWest Bank, FSB (OneWest). (*Id.* at 24.) On July 26, 2011, OneWest appointed Northwest Trustee Services, Inc. (NWTS) as trustee under the deed of trust through the recording of an appointment of successor trustee. (*Id.* at 30.) On August 21, 2013, the deed of trust was assigned from OneWest to Ocwen Loan Servicing, LLC (Ocwen). (*Id.* at 26.)

On March 21, 2016, a notice of trustee's sale was entered in the Snohomish County official records, listing a foreclosure date of July 22, 2016. (*Id.* at 32.) The notice of trustee's sale indicated that Plaintiffs were $127,098.88 in arrears on the loan. (*Id.* at 33.) On April 27, 2016 the deed of trust was assigned from Ocwen to U.S. Bank. (*Id.* at 28.) On October 5, 2016, U.S. Bank appointed Defendant Trustee Corps as successor trustee under the deed of trust. (*Id.* at 38.)

Defendants moved to dismiss the original complaint. (Dkt. No. 17.) On December 12, 2016, this Court dismissed Plaintiffs' claims regarding Defendant U.S. Bank's authority to foreclose, quiet title, violations of the Washington Consumer Protection Act (CPA), and declaratory judgment. (Dkt. No. 25.) Specifically, this Court found the following:

(1) Plaintiffs failed to state a plausible claim challenging U.S. Bank's authority to foreclose because it did not allege that U.S. Bank failed to meet the statutory definition of "beneficiary" (*id.* at 4);

(2) Plaintiffs' CPA claims against Defendants Caliber and MERS failed because the complaint did not allege a sufficient injury (*id.* at 4–5); and

(3) Plaintiffs' quiet title action failed because they could not demonstrate they had satisfied their obligations under the loan (*id.* at 4).

Plaintiffs were granted leave to amend all claims save for their quiet title claim, which was

1 dismissed with prejudice. (*Id.* at 4–5.)

2 Plaintiffs filed a first amended complaint on April 7, 2017. (Dkt. No. 31.) The first amended complaint alleges that U.S. Banks does not have standing to foreclose, and restates its claim for declaratory judgment to declare Defendant Caliber in violation of the CPA. (*Id.*) The first amended complaint does not allege any causes of action against Defendant MERS. (*Id.*)

## II. DISCUSSION

### A. Judicial Notice

As an initial matter, Defendants request that the Court take judicial notice of a notice of discontinuance of trustee's sale recorded in Snohomish County records on November 29, 2016 pursuant to Evidence Rule 201. (Dkt. No. 33 at 1–2.) The document is a Snohomish County record and thus can be accurately or readily determined from a source whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. Plaintiffs do not dispute the accuracy, but rather argue that the document was "cherry picked." (Dkt. No. 35 at 2.) This is not a valid objection, and as the Court noted in a previous order, Plaintiffs were free to submit whatever documents they felt were appropriate for judicial notice, which they did not do. (Dkt. No. 25 at 3.) Accordingly, Defendants' motion for judicial notice (Dkt. No. 33) of the document attached as exhibit A to Docket Number 33 is GRANTED.

### B. Rule 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez*, 487 F.3d at 1249 (internal quotations omitted). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations omitted).

### C. Authority to Foreclose

Plaintiffs' first amended complaint asserts a cause of action for "Lack of Standing to Foreclose," which challenges Defendant U.S. Bank's authority to foreclose the deed of trust. (Dkt. No. 31 at 7.) As in the original complaint, this is premised on Plaintiffs' conclusion that the assignments of the deed of trust were invalid. (*See* Dkt. No. 1 at 6–8; Dkt. No. 17 at 7; Dkt. No. 31 at 7.) In the order dismissing the original complaint, this Court stated that Plaintiffs' complaint was deficient because it did not allege that U.S. Bank failed to meet the statutory definition of "beneficiary." (Dkt. No. 25 at 4.) The first amended complaint suffers from an identical deficiency. (*See generally* Dkt. No. 31.) Plaintiffs' claim that U.S. Bank lacked authority to foreclose is DISMISSED WITH PREJUDICE.

### D. Declaratory Judgment

Plaintiffs' cause of action for declaratory judgment that Defendant Caliber violated the CPA is identical to the one this Court found lacking in its previous order. (Dkt. No. 31 at 8.) Plaintiffs have not shown a sufficient injury to establish the injury element of a Washington CPA claim. *See Marts v. U.S. Bank N.A.*, 166 F. Supp. 3d 1204, 1208–09 (W.D. Wash. 2016) (dismissing CPA claim where plaintiffs failed to show that "but for their alleged confusion regarding who owned their Note, they would have brought their loan current.") Because Plaintiffs again fail to allege all of the elements of a CPA violation, the claim for declaratory judgment is DISMISSED WITH PREJUDICE.

//

### E. Additional Claims and Defendants

Plaintiffs do not renew their CPA claim against MERS. (*See generally* Dkt. No. 31.) The Court considers this an abandonment of the claim. Plaintiffs' CPA claim against MERS is DISMISSED WITH PREJUDICE.

The first amended complaint asserts that two different trustees threaten to foreclose on the Property. (*Id.* at 7.) However, Northwest Trustee Services was no longer the successor trustee as of October 5, 2016. (Dkt. No. 18-1, Ex. G.) Further, the current trustee, Defendant Trustee Corps, recorded a notice of discontinuance of trustee sale. (Dkt. No. 33, Ex. A.) Plaintiffs' first amended complaint does not allege that any trustee's sale is currently scheduled, and the Court will not consider this claim further.

Finally, although Defendant Trustee Corps did not join the other Defendants' motion to dismiss, the trial court may *sua sponte* dismiss claims for failure to state a claim without notice or an opportunity to respond where "the plaintiffs cannot possibly win relief." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Therefore, for the same reasons as above, Plaintiffs' claims against Defendant Trustee Corps are DISMISSED WITH PREJUDICE.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the first amended complaint (Dkt. No. 32) and motion for judicial notice (Dkt. No. 33) are GRANTED. Plaintiffs' remaining claims are DISMISSED WITH PREJUDICE.

DATED this 7th day of June, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE